86 F.3d 1173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph F. DEQUARTO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3076.
 United States Court of Appeals, Federal Circuit.
 April 3, 1996.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph F. Dequarto challenges the decision of the Merit Systems Protection Board, Docket No. NY0752940248-I-1, dismissing on jurisdictional grounds Dequarto's challenge to his demotion by the United States Postal Service. We affirm.
 
 BACKGROUND
 
 2
 Dequarto has been employed by the Postal Service since 1982. In 1987, he became a Superintendent of Building Operations, EAS-16. He remained in that position for approximately 5 1/2 years. In early 1993, the Postal Service offered EAS employees lump sum cash payments as incentives to accept demotions and reductions in pay. In April 1993, Dequarto agreed to accept $20,000 and a demotion to the position of Custodial Laborer, PS-03. His demotion became effective on May 13, 1993, and he remained in that position through August 6, 1993.
 
 
 3
 On August 7, 1993, Dequarto was promoted to Supervisor of Maintenance Operations, EAS-16. In February 1994, however, the Postal Service informed him that his August 7 promotion was the product of an administrative error. The Postal Service therefore returned him to the position of Custodial Laborer, PS-3, as of February 19, 1994.
 
 
 4
 Dequarto filed an appeal with the Merit Systems Protection Board challenging the February 19, 1994, demotion. An Administrative Judge dismissed Dequarto's appeal on the ground that he had failed to satisfy his burden of showing that the Board had jurisdiction to review the demotion. See 5 C.F.R. § 1201.56(a)(2). The Administrative Judge explained that Dequarto had failed to show that he met the statutory requirement of having completed one year of current continuous service in the position from which he was demoted. See 5 U.S.C. § 7511(a)(1)(B).
 
 DISCUSSION
 
 5
 Contrary to Dequarto's contention, the Merit Systems Protection Board did not have jurisdiction over his appeal. Dequarto relies upon subchapter II, chapter 75, of title 5 of the United States Code as the source of his right to appeal. Under 39 U.S.C. § 1005(a)(4), a "preference eligible" in the Postal Service, such as Dequarto, is entitled to invoke the jurisdiction of the Merit Systems Protection Board under that subchapter only if he is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(B). That statute, in turn, provides that an individual is regarded as an "employee" for purposes of the Board's jurisdiction only if the individual "has completed 1 year of current continuous service in the same or similar positions."
 
 
 6
 At the time of his demotion from his supervisory position in February 1994, Dequarto had held that position for the previous six months. Although before his first demotion he had occupied a supervisory position for more than five years, his tenure in a supervisory position was interrupted by an intervening period of service in a non-supervisory position. Although he had accumulated more than a year of continuous service in a supervisory position, his period of one year of continuous service in that position was not "current." He therefore failed to satisfy the plain terms of the jurisdictional statute applicable to him.
 
 
 7
 Dequarto argues that because he had completed a probationary period as a supervisory employee before being downgraded to a nonsupervisory position in May 1993, he should be regarded as an "employee" for purposes of Merit Systems Protection Board jurisdiction, even though he had less than a year of current continuous service in the supervisory position to which he was promoted in August 1993. Under section 7511(a)(1)(B), however, the Board may not assert jurisdiction on the basis of prior periods of service; instead, Board jurisdiction is established only if the employee has at least a year of current continuous service in the same or similar positions. Although Dequarto invokes 5 C.F.R. § 315.906, an Office of Personnel Management regulation governing the award of credits for prior service against a probationary period, that regulation has nothing to do with the statutory requirement of a year of current continuous service that is a prerequisite for invoking the jurisdiction of the Merit Systems Protection Board.
 
 
 8
 Dequarto also obtains no help from 5 U.S.C. § 7512(C), which provides that the Board has no jurisdiction over a reduction in grade of a supervisor who has not completed a probationary period. Section 7512 defines the kinds of adverse actions that do and do not fall within the Board's jurisdiction, but it does not authorize the Board to assume jurisdiction over an action brought by an individual who is not an "employee" within the meaning of section 7511.